**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian G. Phillips, | No. CV-13-798-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Salt River Police Department; Pima Maricopa Sheriff's Department; Pat Dallas; Salt River Casino, | |
| Defendants. | |

On April 18, 2012, Plaintiff filed a *pro se* Complaint and Application to Proceed in District Court without Prepaying Fees or Costs on the same day.[1] (Docs. 1-2)

**I. Standard for Reviewing Complaint**

A district court is required to screen complaints brought by litigants who request leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1), (e)(2); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (*per curiam*) (§ 1915 applies to all applicants for *in forma pauperis* status, prisoner or non-prisoner). "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, § 1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.,* 2012 WL 588965, at

---

[1] The docket reflects Plaintiff has filed another action in the District Court of Arizona, No. CV-13-758-PHX-MEA, which appears to be an identical Complaint to the one filed in No. CV-13-798-PHX-LOA, and he also seeks *IFP* status.

*1 (D. Ariz. Feb. 22, 2012) (citing *Lopez*, 203 F.3d at 1126 n. 7); *see also Jones v. Social Sec. Admin.*, 2007 WL 806628 (E.D. Cal. 2007). Title 28 U.S.C. § 1915(e)(2)(B) provides that a district court "shall dismiss a case at any time if it determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." In other words, Section 1915(e) "*requires* a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Long*, 2012 WL 588965, at *1 (emphasis added). A complaint is legally frivolous within the meaning of Section 1915 "where it lacks any arguable basis either in law or fact." *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992) ("[t]he *in forma pauperis* statute, unlike Rule 12(b)(6), accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.") (citation and internal quotation marks omitted).

While this Court recognizes the significant challenges a non-lawyer *pro se* litigant may have in representing himself, the United States Supreme Court has made clear that federal "judges have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 232 (2004). Requiring trial judges to explain the details of federal procedure or act as the *pro se's* counsel "would undermine district judges' [or magistrate judges'] role as impartial decisionmakers." *Id.*

**II. Application to Proceed *In Forma Pauperis***

Having reviewed Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, and it appearing Plaintiff qualifies for *in forma pauperis* ("*IFP*") status, Plaintiff's request to proceed without prepaying fees and costs will be conditionally granted. *See* 28 U.S.C. § 1915(a). The Court will withhold formally granting *IFP* status, however, until Plaintiff fully complies with this Order. At the time his compliance with this Order is verified, the Court will issue an order granting *IFP* status and directing the U.S. Marshal Service to serve the amended complaint.

**III. The Complaint**

The Complaint, written entirely in bold print, alleges the "Facts of Case" are as follows:

> Plaintiff was arrested on the grounds of Salt River Casino, in late 2011. He had a license to possess medicinal marijuana; his car was illegally confiscated by the Salt River Police Department, and plaintiff Was never charged with any crime; he was never read his Miranda rights; Plaintiff is contending a conspiracy and cover-up by the defendants and each of them, similar to what 2 PIMA MARICOPA SHERIFFS who were arrested, indicted, and jailed in a similar case wherein they confiscated cars and property, illegally sold them on the black market.

(Doc. 1 at 2-3) The Complaint refers to a "civil action filed by" Defendant Pat Dallas to which Plaintiff "filed a timely answer and counter-claimed . . . which the Salt River Court and DA blatantly ignored[.]" (*Id.* at 3) "[S]alt River claimed it was immune from US law due to something vague and Ambiguous such as being a 'sovereign nation,' like Somalia." (*Id.*) Plaintiff provides no court or case number to show where this civil action was filed.

The Complaint attempts to state three causes of action: 1) Violations of Civil Rights pursuant to 42 U.S.C. § 1983; 2) Conversion of Personal Property; and 3) Injunctive Relief. (Doc. 1) The First Cause of Action is based upon "[t]he illegal arrest and violation of plaintiff's due process rights without charging him with any crime, has damaged his health; moreover the illegal seizure of his car and property was unreasonable under the circumstances, (sic) This thus violated his right not to be subjected to unreasonable search and seizure guaranteed by the 4th Amendment to the U.S. Constitution" (*Id.* at 4) The Second Cause of Action "alleges that the defendants, and each of them, conspired and Colluded to confiscate his vehicle, take his personal property and continue To violate his civil rights, hiding behind so-called 'Indian' law as a 'foreign Nation.'. . . Moreover, the defendants have engaged in abuse of the legal process to Cover their illegal acts, i.e., violation of plaintiff's rights and taking his car And property to (sic) for their own illegal acts." (*Id.* at 4) The so-called Third Cause of Action requests the Court "order[] his vehicle and personal property returned pending The outcome of litigation."[2] (*Id.*)

---

[2] "A request for injunctive relief is not a separate cause of action, but is a request for equitable relief." *Robinson v. BAC Home Loans Servicing, LP*, 2012 WL 1520125, at *3 (D.

- 3 -

1  The Complaint predicates subject-matter jurisdiction on 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights violations) and the "[a]cts and omissions giving rise to Plaintiff's claims occurred in Salt River, Arizona[.]" (*Id.* at 2)  Plaintiff names as Defendants: 1) the Salt River Police Department and Pima Maricopa Sheriff's Department, alleging each is "an entity duly organized under the laws of the State of Arizona;" 2) the Salt River Casino, "a corporation duly organized under the laws of the State of Arizona;" and 3) Pat Dallas, a person who "was and is employed as the District Attorney by Salt River . . . sued in his individual and official Capacity." (*Id.*)

Plaintiff seeks compensatory damages "in excess of $10,000,000;" loss of earnings and medical expenses; injunctive and/or declaratory relief; and the immediate return of his vehicle and personal property. (*Id.* at 4-5)

**IV. Governing Law**

  **A. Jurisdiction over Indian Tribes**

"Indian tribes are 'domestic dependent nations' that exercise inherent sovereign authority over their members and territories." *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 498 U.S. 505, 509 (1991). Pursuant to federal law, Indian tribes retain sovereign immunity from suit absent either an explicit waiver of immunity or express authorization of the suit by Congress. *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978) (declining to read Title I of the Indian Civil Rights Act of 1968 ("ICRA"), 25 U.S.C. §§ 1301-1303, to authorize a cause of action in federal court for declaratory and injunctive relief to enforce the ICRA's substantive provisions). The only two exceptions to sovereign immunity are instances in which Congress has authorized the suit or immunity has been waived by the tribe. *Kiowa Tribe v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998) ("As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity."); *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 725 (9th Cir. 2008) ("Tribal sovereign immunity protects

---

Ariz. May 1, 2012) (citation omitted).

1  Indian tribes from suit absent express authorization by Congress or clear waiver by the
2  tribe."); *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1015-16 (9th Cir. 2007).
3        Tribal sovereign immunity applies to the tribe's commercial as well as govern-mental
4  activities. *Miller v. Wright*, 705 F.3d 919, 923 (9th Cir. 2013) (citation omitted). "[T]he
5  settled law of our circuit is that tribal corporations acting as an arm of the tribe enjoy the
6  same sovereign immunity granted to a tribe itself[.]" *Id.*; *see also Allen v. Gold Country*
7  *Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006) (because casino acted as arm of Indian tribe,
8  it was entitled to tribal sovereign immunity barring former employee's employment, civil
9  rights, and conspiracy claims in district court.).
10       Federal courts have applied sovereign immunity to bar civil rights and tort claims
11 against Indian tribes. *See e.g.*, *NLRB v. Chapa De Indian Health Program, Inc.*, 316 F.3d
12 995, 1001 (9th Cir. 2003); *Dawavendewa v. Salt River Project Agric. Improvement Dist.*,
13 276 F.3d 1150, 1159 & n. 9 (9th Cir. 2002); *Pink v. Modoc Indian Health Project, Inc.*, 157
14 F.3d 1185, 1188 (9th Cir. 1998) (affirming district court's dismissal of plaintiff's Title VII
15 employment discrimination claims because Title VII did not waive sovereign immunity from
16 suit against nonprofit corporation created and controlled by federally-recognized tribes);
17 *Evans v. McKay*, 869 F.2d 1341 (9th Cir. 1989) (affirming district court's dismissal of §
18 1983 action due to sovereign immunity against Blackfeet Tribe and the individual police
19 officers "for want of jurisdiction."); *Chayoon v. Chao*, 355 F.3d 141, 143 (2nd Cir. 2004)
20 (federally-recognized Indian tribes are immune from suit under the Family Medical Leave
21 Act brought by employee of casino operated by Indian tribe); *Schantz v. White Lightning*,
22 502 F.2d 67, 67 (8th Cir. 1974) (barring a tort action stem-ming from an automobile
23 accident); *Morrison v. Viejas Enterprises*, 2011 WL 3203107 (S.D. Cal. July 26, 2011);
24 *Saroli v. Agua Caliente Band of Cahuilla Indians*, 2010 WL 4788570 (S.D. Cal. Nov. 17,
25 2010) (no federal jurisdiction over Plaintiff's premises liability negligence action arising for
26 injury sustained at Defendant's casino and resort); *Soto v. Quechan Tribally Designated*
27 *Housing Entity*, 2010 WL 2650127 (D. Ariz. July 1, 2010) (dismissing Title VII claim
28 against Quechan Tribally Designated Housing Entity, an arm of the federally-recognized

1 Quechan Tribe of the Fort Yuma Indian Reservation).[3]

2 "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Federal courts are mandated by statutes and procedural rules to dismiss lawsuits when jurisdiction is lacking. *See e.g.*, Rule 12(h)(3), Fed.R.Civ.P., ("[i]f the court determines at any time that it lacks subject- matter jurisdiction, the court *must* dismiss the action.") (emphasis added); 28 U.S.C. § 1915(e)(2)(B)(iii) (In *IFP* proceedings, "[t]he court *shall* dismiss the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief.") (emphasis added).

"[T]he issue of tribal sovereign immunity is jurisdictional in nature," *Pan Amer'n Co. v. Sycuan Band of Mission Indians*, 884 F.2d 416, 418 (9th Cir. 1989), and a district court must address jurisdictional questions before proceeding to the merits of a case. *Liska v. Macarro*, 2009 WL 2424293 (S.D. Cal. Aug. 5, 2009) (citing *Wilbur v. Locke*, 423 F.3d 1101, 1106 (9th Cir. 2005)). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (citation omitted). Because Plaintiff bears the burden of establishing subject-matter jurisdiction, no presumption of truthfulness attaches to the allegations of the Complaint and the District Court of Arizona must presume it lacks jurisdiction until Plaintiff establishes it. *Liska*, 2009 WL 2424293, at *3 (citing *Stock West*, 873 F.2d at 1225).

Plaintiff has brought this action against the Salt River Pima-Maricopa Indian Community of the Salt River Reservation, Arizona, a federally-recognized Indian tribe, which is presumptively entitled to sovereign immunity. *See* 74 Fed. Reg. 40218, 40221

---

[3] For recent authority discussing tribal jurisdiction over a negligence injury action made by non-Indian against an Indian member and non-Indian limited partnership that occurred on the Salt River Pima-Maricopa Indian Reservation, *see Rolling Frito-Lay Sales LP v. Stover*, 2012 WL 252938 (D. Ariz. Jan. 26, 2012).

1 (Aug. 11, 2009); *United States v. Zepeda*, 705 F.3d 1052, 1064 (9th Cir. 2013) ("[A]s a
2 general matter, that the Bureau of Indian Affairs's list of federally recognized tribes is a
3 proper subject of judicial notice, even on appeal.").[4] Plaintiff has failed, however, to allege
4 any facts, showing the Salt River Pima-Maricopa Indian Community expressly waived its
5 sovereign immunity or Congress has authorized an exception for a suit against it in district
6 court. Similarly, a district court likely lacks jurisdiction to adjudicate an action against a
7 casino operated by the Salt River Pima-Maricopa Indian Community. For example, in *Allen*,
8 the Ninth Circuit affirmed the district court's dismissal of plaintiff's claims against the Gold
9 Country Casino on the grounds of sovereign immunity "[b]ecause the record and the law
10 establish[ed] sufficiently that it functions as an arm of the Tribe." *Allen*, 464 F.3d at 1045.
11 There, Gold Country Casino was a tribal entity formed by a compact between the federally-
12 recognized Tyme Maidu Tribe and the State of California.

### B. Title 42 U.S.C. § 1983

"To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986)), *cert. denied*, 479 U.S. 1054 (1987). Section 1983 is the appropriate avenue to remedy an alleged constitutional wrong, but only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

The Ninth Circuit Court of Appeals has determined that "[n]o action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of *tribal* law." *R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983) (citations omitted; emphasis added). "Indian tribes are separate and distinct sovereignties, . . . and are not constrained by the pro-visions of the fourteenth

---

[4] In *Robinson v. Salazar*, 838 F.Supp.2d 1006, 1044 (E.D. Cal. 2012), the magistrate judge provided an excellent history of the genesis of the Federally Recognized Indian Tribe List Act, codified as 25 U.S.C. § 479a *et seq*.

- 7 -

amendment . . . As the purpose of 42 U.S.C. § 1983 is to enforce the provisions of the fourteenth amendment, . . . it follows that actions taken under color of tribal law are beyond the reach of § 1983, and may only be examined in federal court under the provisions of the Indian Civil Rights Act." *Id.*; *see also Wallace v. N. Cheyenne Corr. Officers*, 2009 WL 5173897, at *1 (D. Mont. Dec. 30, 2009) (granting motion to dismiss where the plaintiff failed to allege that "the tribal entities and officers acted 'under color of state law,' as is required to state a claim under § 1983"); *Mullins ve Sycuan Band of Kumeyaay Nation*, 2008 WL 2745260, at *2 (S.D. Cal. July 11, 2008) (dismissing § 1983 claims against Indian tribe's police department and officers where the complaint "omitted one key element: they did not act 'under color of state law,' as is required to state a claim under that section"). It is also well-settled in this circuit that "[t]his immunity protects tribal officials acting within the scope of their valid authority." *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479-80 (9th Cir. 1985); *but see Maxwell v. County of San Diego*, 708 F.3d 1075, 1089-90 (9th Cir. 2013) ("[W]e therefore hold that sovereign immunity does not bar the suit against the Viejas Fire paramedics as individuals. The Viejas Band is not the real party in interest. The Maxwells have sued the Viejas Fire paramedics in their individual capacities for money damages. Any damages will come from their own pockets, not the tribal treasury.").

Plaintiff's Complaint alleges legal or factual conclusions that the Salt River Police Department and Pima Maricopa Sheriff's Department are each "an entity duly organized under the laws of the State of Arizona." (Doc. 1 at 2) When determining whether a complaint states a plausible claim for relief, however, a district court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Judicial notice is a tool which the court and parties may use to establish certain facts without presenting evidence." *Von Grabe v. Sprint PCS*, 312 F.Supp.2d 1285, 1311 (S.D. Cal. 2003) (citation omitted). Pursuant to Rule 201 of the Federal Rules of Evidence, a

district court may, *sua sponte*, take judicial notice of facts that are not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination by reference to sources whose accuracy cannot be reasonably questioned." Fed.R.Evid. 201(b), (c). A district court may take judicial notice "at any stage of the proceeding[.]" Fed.R.Evid. 201(b)(2), (d); *see also Zepeda*, 705 F.3d at 1064. While a district court may not take judicial notice of a fact that is subject to reasonable dispute, the court may take judicial notice of undisputed matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). The records and reports of administrative bodies are proper subjects of judicial notice, as long as their authenticity or accuracy is not disputed. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 8, 2008) (taking judicial notice of information appearing on official governmental websites) (citations omitted); *McMichael v. U.S. Filter Corp.*, 2001 WL 418981, at *8 (C.D. Cal. Feb. 23, 2001) ("The certificate of incorporation of a Delaware corporation is a publicly filed document, and as such, can be judicially noticed.").

According to the Arizona Corporation Commission's public website, Defendants "Salt River Police Department," "Pima-Maricopa Sheriff's Department," and "Salt River Casino" are neither Arizona corporations nor limited liability companies. *See* www.azcc.gov, click on "Find a corporation/LLC/statutory agent"(last viewed on April 24, 2013). In fact, there is no public record with the Arizona Corporation Commission identifying any of these defendants. Taking judicial notice of undisputed matters of public record and facts generally known in the Phoenix community, Plaintiff's allegations that these three Defendants are Arizona corporations or "duly organized under the laws of the State of Arizona," doc. 1 at 2, are clearly erroneous. It is common knowledge in the Phoenix community that the Salt River Pima-Maricopa Indian Community of the Salt River Reservation, Arizona has their own police department. Moreover, there is no entity known as the Pima-Maricopa Sheriff's Department. While there is a Maricopa County Sheriff's Department and a Pima County Sheriff's Department, they are not jural and separate entities for purposes of suit. As non-

jural entities, they are frequently dismissed when named as a party in the Arizona courts and this District Court. *See Duqmaq v. Pima Cnty. Sheriff's Dep't*, 2012 WL 1605888, at *1 (D. Ariz. May 8, 2012) ("Because is it without the capacity to sue or be sued, . . . the claims asserted against the Pima County Sheriff's Department will be dismissed.") (citing, *inter alia*, *Braillard v. Maricopa Cnty.*, 224 Ariz. 481, 487, 232 P.3d 1263, 1269 (Az. Ct. App. 2010) ("Whether [Maricopa County Sheriff's Office] is a nonjural entity is apparently an issue of first impression in our state courts . . . We therefore conclude MCSO is a nonjural entity and should be dismissed from this case."); *Payne v. Arpaio*, 2009 WL 3756679, at *4 (D. Ariz. Nov. 4, 2009) ("this Court concludes that the dispositive factor here is the Arizona legislature's failure to confer separate jural status on Maricopa County Sheriff's Office. Therefore, all claims against Maricopa County Sheriff's Office will be dismissed."); *Ekweani v. Maricopa Cnty. Sheriff's Office*, 2009 WL 976520, at *2 (D. Ariz. April 9, 2009) (dismissing Maricopa County Sheriff's Office as a non-jural entity); *Wilson v. Maricopa Cnty.*, 2005 WL 3054051, at *2 (D. Ariz. Nov. 15, 2005) (same).

**V. Failure to State a Claim**

Plaintiff is informed that although *pro se* pleadings may be held to a less stringent standard than those prepared by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), *pro se* litigants must "abide by the rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986). Moreover, *pro se* litigants "must meet certain minimal standards of pleading." *Ticktin v. C.I.A.,* 2009 WL 976517, at *4 (D. Ariz. April 9, 2009) (citation omitted). "A *pro se* complaint that . . . fails to plainly and concisely state the claims asserted . . . falls short of the liberal and minimal standards set out in Rule 8(a)." *Id.* (citation omitted).

Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Id.* In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007) (citations and emphasis omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Sheppard v. David Evans and Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012) (reversing district court's Rule 12(b)(6) dismissal of plaintiff's two-and-one-half page complaint, stating "while brief, [it] nonetheless satisfies Rule 8(a)(2)'s pleading standard."). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678 (citation omitted).

After *Twombly* and *Iqbal*, Rule 8(a), Fed.R.Civ.P., is interpreted to require short and plain factual allegations that logically lead the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Mindful that a district court must construe *pro se* pleadings liberally, *Haines*, 404 U.S. at 520, the Court concludes Plaintiff's Complaint fails to comply with several subparts of Rule 8(a), Fed.R.Civ.P.

**VI. Discussion**

Federal Rule of Civil Procedure 8(a)(1) mandates "a short and plain statement of the grounds for the court's jurisdiction[.]" and Rule 12(b)(1), Fed.R.Civ.P., authorizes dismissal of an action for "lack of subject-matter jurisdiction." Plaintiff bears the burden of establishing subject matter jurisdiction as no presumption of truthfulness attaches to the Complaint's legal conclusions and it is presumed a district court lacks jurisdiction until plaintiff establishes it. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996); *Liska*, 2009 WL 2424293, at *3. While the Complaint alleges subject matter jurisdiction exists in this

1 action on the basis of 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights violations), the Court need not accept Plaintiff's legal conclusions as true, *Iqbal*, 556 U.S. at 678, and, most certainly, these allegations are insufficient to establish subject-matter jurisdiction against a defendant entitled to sovereign immunity. *See Fritcher v. Zucco*, 2012 WL 78257, at 3 (E.D. Cal. Jan. 10, 2012) ("[P]laintiff has not alleged facts to support the waiver of tribal immunity nor provided citation to any federal statute which could authorize the action. Accordingly, it appears from the allegations of Plaintiff's complaint, that tribal sovereign immunity extends to these Defendants and the Court does not possess subject matter jurisdiction to hear Plaintiff's claims.") (footnotes omitted).

First, the Salt River Pima-Maricopa Indian Community, a recognized Indian tribe, enjoys sovereign immunity as does its police department, casinos, and individual tribal employees and police officers acting in their official capacity if each "[f]unctions as an arm of the Tribe." *Allen*, 464 F.3d at 1045. While there are two recognized exceptions to an Indian tribe's sovereign immunity, the Complaint fails to allege either exception is applicable here and explain why there is no sovereign immunity. Therefore, each defendant is presumptively entitled to dismissal from this action on the basis of sovereign immunity. *See Kiowa Tribe*, 523 U.S. at 754 ("As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity."); *Evans*, 869 F.2d 1341 (affirming district court's dismissal of § 1983 action due to sovereign immunity against Blackfeet Tribe and the individual police officers "for want of jurisdiction."); *Allen*, 464 F.3d at 1045.

To state a plausible claim under Section 1983, a complaint must contain sufficient factual content showing the wrongdoer deprived plaintiff of a constitutionally protected right while acting under color of *state* law, not *tribal* law. *R.J. Williams Co.*, 719 F.2d at 982 ("[n]o action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of *tribal* law."). Here, the Complaint fails to state a plausible Section 1983 claim as it appears the only individual defendant, Pat Dallas, was acting under tribal law in his official capacity and, of course, there is no *respondeat*

*superior* or vicarious liability under § 1983. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) ("*Respondeat superior* or vicarious liability will not attach under § 1983.") (citation omitted); *Cramer v. Target Corp.*, 2011 WL 220004, at *2 (E.D. Cal. Jan. 24, 2011). The Complaint also names the Salt River Police Department, the Pima-Maricopa Sheriff's Department, and the Salt River Casino as defendants, and, aside from the issue of sovereign immunity, each of these defendants is likely a non-jural entity and not subject to suit in their own name.

The Complaint's claims or causes of action do not comply with the specificity required by *Twombly*, *Iqbal*, and Rule 8(a)(2), Fed.R.Civ.P. The conclusions of wrongful conduct fail to state plausible claims upon which relief may be granted. The Complaint alleges Plaintiff was illegally arrested but was never charged with a crime; his "due process rights" and Fourth Amendment right to be free from an unreasonable search and seizure were violated by "the illegal seizure his car and property;" and was the victim of defendants' "abuse of the legal process to Cover their illegal acts." (Doc. 1) The Complaint alleges no specific wrongful conduct against Pat Dallas, identified as a "District Attorney" for Salt River, except he filed a civil action against Plaintiff and "blatantly ignored" Plaintiff's pleadings and legal authorities in another lawsuit. (*Id.* at 3) These are classic examples of "the defendant-unlawfully-harmed-me-accusation[s]" the Supreme Court described as not stating claims upon relief may be granted under federal law. *Iqbal*, 556 U.S. at 678. Plaintiff has simply failed to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citation and internal quotation marks omitted). This action will be dismissed unless Plaintiff files a timely amended complaint that complies with federal law and this Order.

**VII. Leave to Amend**

Leave to amend a complaint should be freely given when justice so requires. Rule 15(a)(2), Fed.R.Civ.P. In the Ninth Circuit, a *pro se* litigant must be given leave to amend "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Marinov v. Federal Nat'l Mortg. Ass'n,* 2012 WL 136003, at *3 (D. Ariz. Jan.

18, 2012) (citation omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). It is not "absolutely clear" at this time that all the deficiencies in the *pro se* Complaint cannot be cured against defendants, or any of them, by amendment to allege sufficient factual allegations to support a plausible claim or claims. A district court may not, however, advise a *pro se* litigant, or any litigant for that matter, on how to cure pleading deficiencies. This type of advice "would undermine [trial] judges' role as impartial decisionmakers." *Pliler*, 542 U.S .at 231; *see also Lopez*, 203 F.3d at 1131 n. 13 (declining to decide whether court was required to inform litigant of deficiencies). Moreover, because no one has yet been served, answered, or otherwise appeared in this action, Plaintiff may amend his complaint once as a matter of right and amendment would not prejudice any defendant. *See* Fed.R.Civ.P. 15(a)(1).

Before this matter proceeds to the service-of-process stage, Plaintiff must amend the Complaint and comply with Rule 8(a), Fed.R.Civ.P., and satisfactorily address all issues raised this Order. Therefore, the Court will order Plaintiff to file a timely amended complaint to allege claims in accordance with Fed.R.Civ.P. 8(a) and Local Rules of Practice ("LRCiv") or his lawsuit may be dismissed.

Accordingly,

**IT IS ORDERED** that if Plaintiff intends to continue with this litigation, he must file an Amended Complaint, in compliance with Rule 8(a), Fed.R.Civ P., and LRCiv 7.1, by **Friday, May 10, 2013.** The Amended Complaint must contain short and plain statements demonstrating the District Court of Arizona has jurisdiction to adjudicate this action against defendants who are presumptively immune from suit and allege sufficient factual content to state a plausible claim on its face for relief against each defendant named therein subject to suit in its or his own name. The Amended Complaint must be consistent with all aspects of this Order and comply with the Local Rules.[5]

---

[5] The Rules of Practice for the United States District Court for the District of Arizona ("Local Rules" or "LRCiv") do not authorize a complaint written entirely in **bold** print. A sample of proper format is provided in Appendix C – LRCiv 7.1 Form and the form and

**IT IS FURTHER ORDERED** that the failure to timely comply with this Order will result in the dismissal of Plaintiff's Complaint without prejudice pursuant to Rules 12(b)(1), (6), (h)(3), 41, Fed.R.Civ.P.; 28 U.S.C. § 1915(e)(2)(B)(iii); and/or pursuant to the Court's inherent power. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (trial courts have inherent power to control their docket and, in exercise of that power, may impose sanctions including, where appropriate, dismissal of a case).

**IT IS FURTHER ORDERED** that *pro se* Plaintiff and any counsel must comply with the Rules of Practice for the United States District Court for the District of Arizona ("Local Rules" or "LRCiv"). The District's Rules of Practice may be found on the District Court's internet web page at www.azd.uscourts.gov/. All other rules may be found at www.uscourts.gov/rules/.

Dated this 29th day of April, 2013.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

---

formatting requirements for filings are found at LRCiv 7.1. The Complaint also violates the Local Rules by using all capital letters in the caption. *See* LRCiv 7.1(a)(3) ("[p]arty names must be capitalized using proper upper and lower case type.")

- 15 -